## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into as of September 23rd, 2019 by and between DEKOMTE DE TEMPLE, LLC, LLC ("Dekomte" or "Defendant"), on the one hand, and JENNIFER SANTUCCI ("Santucci" or "Plaintiff"), on the other hand. Together, Defendant and Plaintiff are referred to as the "Parties."

### RECITALS

WHEREAS, on or about May 13, 2019, Plaintiff filed a lawsuit captioned *Jennifer Santucci v. Dekomte de Temple, LLC*, Case No. 1:19-cv-2157-SCJ, in the U.S. District Court for the Northern District of Georgia against Defendant (hereinafter, the "Litigation");

WHEREAS, Plaintiff's Complaint alleges that Defendant failed to pay Plaintiff overtime compensation as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

WHEREAS, at all times, Defendant has vigorously denied, and continues to deny, any wrongdoing in connection with the claims asserted in the Litigation; and

WHEREAS, the Parties desire to resolve their claims, disputes and disagreements without any admission of liability.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual recitals, covenants and other good and valuable consideration recited herein, the receipt and legal sufficiency of which each party hereby acknowledges, agree as follows:

### SETTLEMENT TERMS

**1.    Payment.** In consideration for signing this Agreement and the fulfillment of the promises contained herein, Defendant shall pay Plaintiff and her counsel a total sum of Forty Thousand Dollars and Zero Cents ($40,000.00) (the "Settlement Payment"). Of this amount, $22,237.76 shall be paid to Santucci and $17,762.24 shall be paid to Plaintiff's counsel. Defendant shall deliver the following checks to Plaintiff's counsel as set forth in this Agreement:

Payment 1: $25,000 by September 20th if the Court has entered the ORDER APPROVING SETTLEMENT AND DISMISSING PLAINTIFF'S ACTION ("Order"), or within 5 days of entry of the Order if approved after September 20th, consisting of: (1) one check payable to Santucci in the amount of Five Thousand Six Hundred Eighteen Dollars and Eighty Eight Cents ($5,618.88) less all appropriate taxes, withholdings, and the Plaintiff's portion of her accrued group health insurance premium reimbursement, to represent payment towards settlement of Plaintiff's claim(s) for alleged unpaid wages (Defendant will issue an IRS W-2 Form for this amount); (2) one check payable to Santucci

in the amount of Five Thousand Six Hundred Eighteen Dollars and Eighty-Eight Cents ($5,618.88) to represent payment towards settlement of Santucci's claim(s) for non-wage damages (Defendant will issue an IRS Form 1099 for this amount to Plaintiff, specifically checking box 3 and designating the payment as "other income"; and (3) one check payable to Barrett & Farahany, LLP in the amount of $13,762.24 for attorneys' fees and expenses (Defendant will issue an IRS Form 1099 to Barrett & Farahany, LLP for this amount, specifically checking box 3 and designating the payment as "other income").

Payment 2: $15,000 due by November 20th provided Court has approved the Order by that date, or within 5 days of Court approval if approval occurs after November 20th, consisting of: (1) one check payable to Santucci in the amount of Five Thousand Five Hundred Dollars ($5,500) less all appropriate taxes and withholdings, to represent payment towards settlement of Plaintiff's claim(s) for alleged unpaid wages (Defendant will issue an IRS W-2 Form for this amount); (2) one check payable to Santucci in the amount of Five Thousand Five Hundred Dollars ($5,500) to represent payment towards settlement of Santucci's claim(s) for non-wage damages (Defendant will issue an IRS Form 1099 for this amount to Plaintiff, specifically checking box 3 and designating the payment as "other income"; and (3) one check payable to Barrett & Farahany, LLP in the amount of $4,000 for attorneys' fees and expenses (Defendant will issue an IRS Form 1099 to Barrett & Farahany, LLP for this amount, specifically checking box 3 and designating the payment as "other income").

Plaintiff and her counsel agree to provide Defendant the requisite tax identification numbers and other information, including executed W-9 forms, as requested by Defendant, to execute the Settlement Payment. The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred, except as otherwise provided in this Paragraph, and that neither Party nor its attorney(s) will seek any award of attorneys' fees, costs, or other monies from the other Party.

2.     **Taxes.** Plaintiff shall be solely responsible for, and is legally bound to make payment of, any taxes determined to be due and owing (including penalties and interest related thereto) by her to any federal, state, local or regional taxing authority as a result of the Settlement Payment. Plaintiff agrees that, should Defendant be deemed responsible for any failure to withhold taxes or to properly report these payments as income to Plaintiff, Plaintiff will indemnify and hold Defendant harmless with respect to any damage, fees, taxes, interest, penalties, or any other costs or monies Defendant, its officers, directors, or its owners become obligated to pay related to the Settlement Payment. Defendant does not make any warranty or representation to Plaintiff or her counsel regarding the tax consequences of the Settlement Payment—including, but not limited to, the treatment of certain monies as non-wage damages.

3.     **Court Approval of Agreement and Dismissal with Prejudice.** The Parties agree that they shall execute a copy of this Agreement, and file a Joint Motion to Approve Settlement Agreement (along with a proposed order and executed copy of this Agreement),

no later than September 19, 2019. Such motion shall seek judicial approval of the Agreement and dismissal *with prejudice* all of Plaintiff's claims against Defendant. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement and dismissal of this lawsuit. The failure to secure the dismissal of the Litigation *with prejudice*, for whatever reason, will nullify Plaintiff's and counsel's right to the Settlement Payment.

**4.    Timing of Payment:** The checks described in Paragraph No. 1 of this Agreement shall be delivered to Plaintiff's counsel within five (5) business days after the occurrence of all of the following: (1) the execution of this Agreement by all Parties; (2) the judicial approval of this Agreement and dismissal of the Litigation *with prejudice*; (3) execution of a mutual release of all claims; (4) Plaintiff's return to Defendant of its property and its client files; and (5) Defendant's counsel's receipt of executed W-9s from Plaintiff and her counsel, if requested. Defendant shall send all checks to Barrett & Farahany, LLP, ATTN: V. Severin Roberts, 1100 Peachtree Street, NE, Suite 500, Atlanta, Georgia 30309.

**5.    FLSA Release.** In exchange for the consideration described herein, Plaintiff, on behalf of herself and her heirs, successors, agents, and all other related persons or entities, and Defendant, on behalf of itself, its insurer(s), and its subsidiary, parent, affiliate, and successor companies, hereby unconditionally and irrevocably release, remise and forever discharge each other of and from any and all complaints, actions, suits, charges, and any claims for counsel fees and costs, unpaid or withheld wages, severance, liquidated damages, demands, costs, losses, benefits, bonuses, or commissions, and/or expenses, of any nature whatsoever, asserted or unasserted, named or unnamed, suspected or unsuspected, which they ever had, or now have against each other arising out of the Fair Labor Standards Act.

**6.    No Admission of Liability.** The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by Defendant and is not to be construed as an admission that Defendant engaged in any wrongful, tortious or unlawful activity. Defendant specifically disclaims and denies any liability to Plaintiff or that it engaged in any wrongful, tortious or unlawful activity.

**7.    New or Different Facts: No Effect.** Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

**8.    Interpretation.** Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision

shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation.

9.      **Governing Law and Choice of Forum.** This Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Georgia, without regard to the principles of conflicts of laws. Any action to enforce this Agreement shall be brought only in a proper state or federal court within the State of Georgia.

10.     **Reliance on Own Counsel.** In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

11.     **Counterparts.** This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

12.     **Drafting.** The Parties agree that they jointly have agreed to the terms and language used herein and that no ambiguity will be construed against any party for having "drafted" this Agreement.

13.     **Authority to Execute Agreement.** By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants and/or other restrictions placed upon them by their respective entities.

14.     **Facsimile/Electronic Signatures.** Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

*[SIGNATURE BLOCK ON FOLLOWING PAGE]*

**AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND.**

**JENNIFER SANTUCCI**

Signature: _____

Date: _____9/23/2019_____

**DEKOMTE DE TEMPLE, LLC**

Signature: _____

By (Print): _____

Title: _____

Date: _____

**AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND.**

**JENNIFER SANTUCCI**

Signature: _____

Date: _____

**DEKOMTE DE TEMPLE, LLC**

Signature: _____

By (Print): ___JANE WATERHOUSE___

Title: ___DIRECTOR___

Date: ___9/26/2019___